## MONONGAHELA WEST PENN PUBLIC SERVICE CO. v. McNUTT.

(Circuit Court of Appeals, Sixth Circuit. July 12, 1926.)

No. 4470.

**1. Electricity ⬗16(2).**

Electric company *held* not negligent for failure to insulate wires on its own property, as required by Gen. Code Ohio, § 9195, on street or public place, so as to create liability for injuries to contractor, warned of danger.

**2. Electricity ⬗18(1).**

Plaintiff contracting with electric company for repair work on building, *held* guilty of contributory negligence in swinging wire used in fastening pulley within few inches of high tension wires, after warning of danger.

In Error to the District Court of the United States for the Eastern Division of the Southern District of Ohio; Benson W. Hough, Judge.

Action by William T. McNutt against the Monongahela West Penn Public Service Company. Judgment for plaintiff, and defendant brings error. Reversed, and new trial awarded.

George E. Bibbee, of Columbus, Ohio, and A. T. Williamson, of Marietta, Ohio (Strecker & Williamson, of Marietta, Ohio, and Mooney, Bibbee & Edmonds, of Columbus, Ohio, on the brief), for plaintiff in error.

C. C. Middleswart, of Marietta, Ohio (E. F. Folger, of Marietta, Ohio, on the brief), for defendant in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

PER CURIAM. The plaintiff in error, hereinafter called the company, owned and operated an electric railway and occupied a car barn. Alongside was a group of four poles, carrying high tension wires and forming a square, the two nearest poles of which group were some 10 feet from the building. McNutt, a builder, contracted with the company to do some brickwork in the upper part of its building. He desired to get his materials up on the roof. Accordingly he nailed a cross-piece upon these two nearest poles, and from it carried stringers across to the eaves of the building, and laid a working platform thereon. This platform was six feet below the wires, and his head was not far below them. He then nailed to the poles a 2x4, angling upwardly to within a foot of the wires, to serve like a gin pole, and proceeded to attach a pulley to its outer end, so that he might thus elevate his materials. In so attaching it, he was wrapping a wire around the upper end of the gin pole, and had this wire within two or three inches of the high tension wire. There was a flash, and he was badly burned. In the court below he recovered judgment for his injury. The contentions made to us against the judgment are that there was no evidence of negligence and that there was no doubt about McNutt's negligence.

[1] We find no proof of facts permissibly supporting the inference of negligence. McNutt received no directions from the company. He built his platform where he pleased, and as he pleased. It does not appear that any responsible officer of the company knew that he was building this platform, and the subordinate employe who did know it warned him that the wires were dangerous. The most definite thing relied upon to indicate negligence is that these wires were not insulated, while it is said 'that the statute (General Code of Ohio, § 9195) requires waterproof insulation. This statute refers only to wires upon a street or public place, and this pole and these wires were apparently upon the company's private property; there is neither allegation nor proof to the contrary.

[2] The case is equally clear as to McNutt's negligence. Not only is the highly dangerous character of such wires now a matter of common knowledge, but McNutt admits the warning. He qualifies it only by saying that he did not know, and was not told, that there was danger, unless he actually touched the wire. It might be admitted that he did not know, or was not bound to know, that electricity will arc and jump, yet his conduct showed entire recklessness. Taking his binding wire in his hands, reaching out and up, and swinging it within a couple of inches of the high tension wire—as he said he did—there was great danger of actual contact. His contention that, although he was grossly negligent in the subject-matter, yet that the very injury, to which he knew he was exposing himself by the slightest slip or miscalculation, happened in a slightly different way from that which he had in mind, cannot be accepted as exculpatory.

The judgment must be reversed, and a new trial awarded.